(No. 75-CV-184—

Clyde B. Maxwell, Jr., Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 28, 1975.*

Melvin Gaines, Attorney for Claimant.

William J. Scott, Attorney General, for Respondent.

Per Curiam.

This claim arises out of a criminal offense that occurred on the evening of March 5, 1974, at 6400 South Morgan Street, Chicago, Illinois. Clyde B. Maxwell, Jr., the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General

of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Clyde B. Maxwell, Jr., age 25, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on March 5, 1974, at midnight, the claimant was shot and robbed at his girlfriend's apartment by two unidentified assailants.

3. That statements taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the claimant sustained a gunshot wound for which he was hospitalized twice for a total of 31 days. The claimant underwent surgery twice for severe damage to his liver and intestines. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailant were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance. The assailants have not yet been identified, and the police investigation has been suspended.

7. That the victim was unemployed at the time of his injury. He therefore makes no claim for loss of earnings.

8. That the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of the pecuniary loss for these items is as follows:

(Itemization)
1. Hospital (Englewood) ........................... $ 7,690.30
 3-6-74 to 3-28-74
 (Extensive surgery and medication were required due to the severity of the abdominal injuries sustained by the claimant.
 5-7-74 to 5-16-74 ............................... 1,748.10
 (Supplemental surgery for injuries)

 Total Hospital Expense ...................... $ 9,448.20
2. Doctor (Rodrigo Floro, M.D.) ..................... $ 1,940.00

 Total Medical Expense ...................... $11,388.20

9. That there is no evidence that claimant has received any compensation from local, state or federal funds, or insurance of any kind.

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the claimant received no benefits from other sources which must be deducted from his loss. After the statutory deduction of $200.00 is deducted from the gross loss as calculated in ¶8, an amount of loss sustained by the claimant of $11,188.20 is left.

11. That the proof submitted in support of this claim satisfies all of the requirements of this Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the total sum of $10,000.00 (TEN THOUSAND DOLLARS), the maximum allowable compensation under the Act, be paid to the claimant, Clyde B. Maxwell, Jr., an innocent victim of a violent crime.